| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter  **7** |

☐ Check if this an amended filing

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy            06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  
Camston Wrather LLC

**2. All other names debtor used in the last 8 years**  
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)  
46-5638868

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 501 E. Las Olas Boulevard<br>Suite 200<br>Fort Lauderdale, FL 33301<br>Number, Street, City, State & ZIP Code | 2856 Whiptail Loop E<br>Carlsbad, CA 92010<br>P.O. Box, Number, Street, City, State & ZIP Code |
| Broward<br>County | Location of principal assets, if different from principal place of business<br><br>Number, Street, City, State & ZIP Code |

**5. Debtor's website** (URL)  _____

**6. Type of debtor**  
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

Debtor **Camston Wrather LLC**      Case number (*if known*) _____
       Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    **5629**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ■ No.
- ☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ | _____ |
| | _____ | _____ | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ■ Yes.

| Debtor | **Camston Wrather LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

List all cases. If more than 1, attach a separate list

Debtor **See attached Exhibit A**    Relationship

District _____    When _____    Case number, if known _____

**11. Why is the case filed in *this district*?**    *Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.    Insurance agency _____
         Contact name _____
         Phone _____

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    *Check one:*

☐ Funds will be available for distribution to unsecured creditors.
■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
■ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
■ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
■ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | **Camston Wrather LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    February 13, 2025
MM / DD / YYYY

X _/s/ (signed)_        **James LaChance**
Signature of authorized representative of debtor     Printed name

Title    **Independent Manager**

**18. Signature of attorney**

X _Robert J. Dehney, Sr._     Date    February 13, 2025
Signature of attorney for debtor                        MM / DD / YYYY

**Robert J. Dehney, Sr.**
Printed name

**Morris, Nichols, Arsht & Tunnell LLP**
Firm name

**1201 N Market St., #1600,
Wilmington DE 19899-1347**
Number, Street, City, State & ZIP Code

Contact phone   **302-351-9353**     Email address   **RDehney@morrisnichols.com**

**3578 DE**
Bar number and State

# EXHIBIT A

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

1. Camston Wrather LLC
2. Camston Wrather Sub Co., LLC
3. Camston Wrather Plants Co., LLC
4. Camston Wrather Management Co., LLC
5. Camston Wrather Tech Co., LLC
6. Camston Wrather Lab Co., LLC
7. Stream Recycling Solutions, LLC
8. Stream Recycling Solutions of California, LLC
9. Camston Wrather (PA) LLC
10. Camston Wrather (TX) LLC
11. Three D Security, LLC
12. Camston Carlsbad, LLC
13. Camston Carlsbad Asset 1, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Camston Wrather LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-_____ (___) |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FED. R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Camston Wrather LLC, hereby certifies to the best of its knowledge, information, and belief, that the following are corporations or limited liability companies, other than the debtor or a governmental unit, that directly or indirectly own ten percent (10%) or more of its stock or membership interests:

> **MG 1 Holdings, LLC**
> c/o Magnetar Financial LLC
> 1603 Orrington Avenue, 13th Floor Evanston, IL 60201
>
> **Philantra IV**
> 3 Hutton Centre Suite 900
> Santa Ana, CA 92707

A list of Camston Wrather LLC's equity or membership interest holders' names and the nature of their equity interests is attached hereto as **Exhibit A**.[1]

---

[1] As of February 13, 2025.

# EXHIBIT A

## List of Camston Wrather LLC's Equity or Membership Interest Holders

| Name | Address | Equity or Membership Interest Held (%) |
|---|---|---|
| MG 1 Holdings, LLC | c/o Magnetar Financial LLC<br>1603 Orrington Avenue, 13th Floor Evanston, IL 60201 | 39.9804% |
| Philantra IV | 3 Hutton Centre Suite 900 Santa Ana, CA 92707 | 18.8871% |

**Fill in this information to identify the case and this filing:**

Debtor Name ___Camston Wrather LLC_____

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                                (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration___Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __02/13/2025__          X  _____
             MM / DD / YYYY             Signature of individual signing on behalf of debtor

                                         James LaChance
                                         _____
                                         Printed name

                                         Independent Manager and sole member of the Special Committee
                                         _____
                                         Position or relationship to debtor

---

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS ACTION BY WRITTEN CONSENT**
**OF**
**THE SPECIAL COMMITTEE OF THE BOARD OF MANAGERS**
**OF**
**CAMSTON WRATHER LLC,**
**AND**
**THE SOLE MANAGER OF EACH**
**OF**
**CAMSTON WRATHER SUB CO., LLC,**
**CAMSTON WRATHER LAB CO., LLC,**
**CAMSTON WRATHER MANAGEMENT CO., LLC,**
**CAMSTON WRATHER TECH CO., LLC,**
**STREAM RECYCLING SOLUTIONS LLC,**
**THREE D SECURITY, LLC,**
**CAMSTON WRATHER (PA) LLC,**
**CAMSTON WRATHER (TX) LLC,**
**STREAM RECYCLING SOLUTIONS OF CALIFORNIA, LLC,**
**CAMSTON WRATHER PLANTS CO., LLC,**
**CAMSTON CARLSBAD, LLC,**
**CAMSTON CARLSBAD ASSET 1, LLC**

**February 13, 2025**

The undersigned, constituting (i) the sole member of the Special Committee (the "Special Committee") of the Board of Managers of CAMSTON WRATHER LLC, a Delaware limited liability company ("Camston"), and (ii) the sole managers and members of each of (A) CAMSTON WRATHER SUB CO., LLC, a Delaware limited liability company, (B) CAMSTON WRATHER LAB CO., LLC, a Delaware limited liability company (C) CAMSTON WRATHER MANAGEMENT CO., LLC, a Delaware limited liability company, (E) CAMSTON WRATHER TECH CO., LLC, a Delaware limited liability company, (F) STREAM RECYCLING SOLUTIONS LLC, a Florida limited liability company, (G) THREE D SECURITY, LLC, a Delaware limited liability company, (H) CAMSTON WRATHER (PA) LLC, a Pennsylvania limited liability company, (I) CAMSTON WRATHER (TX) LLC, a Delaware limited liability company, (J) STREAM RECYCLING SOLUTIONS OF CALIFORNIA, LLC, a Delaware limited liability company, (K) CAMSTON WRATHER PLANTS CO., LLC, a Delaware limited liability company, (L) CAMSTON CARLSBAD, LLC, a Delaware limited liability company, and (M) CAMSTON CARLSBAD ASSET 1, LLC, a Delaware limited liability company (each of Camston and (A) through (M), a "Company" and collectively, the "Companies"), hereby consent that the following actions be taken by written consent and without a meeting, in accordance with Sections 18-302(d) and 18-404(d) of the Delaware Limited Liability Company Act, Section 605.04073(2)(b) of the Florida Revised Limited Liability Company Act and Section 8847(d) of the Pennsylvania Uniform Limited Liability Company Act of 2016, as applicable, said actions having the same effect as if taken at a duly and validly noticed and held meeting:

WHEREAS, in November 2024, James LaChance was appointed independent manager (the "Independent Manager") of the Board of Managers of Camston, and also appointed as the sole member of the special committee (the "Special Committee") of the Board of Managers of Camston at the time of the Special Committee's formation on November 27, 2024;

WHEREAS, the Special Committee was vested with the exclusive responsibility and authority to act on behalf of the Board of Managers and Camston, individually and acting on behalf of each of the other Companies which are managed, directly or indirectly, by Camston, to evaluate, negotiate and ultimately determine to consummate, outside of or within bankruptcy proceedings, a recapitalization, financing, restructuring and/or potential strategic transaction including a sale of all or substantially all assets of the Companies;

WHEREAS, since its creation, the Special Committee proactively attempted to address the Companies' balance sheet, financial and liquidity challenges through, among other things, negotiations with certain of the Companies' secured lenders (the "Lenders");

WHEREAS, in connection with those negotiations, and with the cooperation, encouragement and approval of the Lenders, the Companies began preparations for a bankruptcy proceeding under the provisions of title 11 of the United States Code (the "Bankruptcy Code") for purposes of marketing and selling all or substantially all of their assets;

WHEREAS, in furtherance of preparations for a bankruptcy proceeding, the Lenders indicated a willingness to provide debtor-in-possession financing to the Companies to fund Chapter 11 cases;

WHEREAS, shortly before the intended commencement of the Chapter 11 cases the Lenders informed the Companies that they would not provide debtor-in-possession financing to the Companies;

WHEREAS, absent committed debtor-in-possession financing, the Companies do not have sufficient liquidity to fund a Chapter 11 bankruptcy proceeding;

WHEREAS, the Companies have not been able to identify any alternative sources of financing sufficient to either fund a Chapter 11 bankruptcy proceeding or permit the Companies to continue to operate its business outside of a bankruptcy proceeding;

WHEREAS, the Special Committee has reviewed and considered the financial and operational condition of the Companies and the Companies' business on the date hereof, the assets of the Companies, the current and long-term liabilities of the Companies, and the recommendations of the Companies' legal and restructuring advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of title 11 of the United States Code ("Bankruptcy Code"); and

WHEREAS, the Special Committee has determined that it is advisable and in the best interests of the Companies and the Companies' stakeholders, creditors, members, and other interested parties to commence a case (the "Bankruptcy Case") under chapter 7 of the Bankruptcy

Code, and it has determined that it should do so promptly to ensure that the remaining value of the Companies can be maximized for the benefit of such stakeholders, creditors, members, and other interested parties.

NOW, THEREFORE, IT IS:

**Commencement and Prosecution of the Bankruptcy Case**

**RESOLVED**, that, in the judgment of the Special Committee, it is desirable and in the best interests of each Company, the creditors of each Company, and other interested parties that a voluntary petition (each, a "Petition") be filed by or on behalf of each Company under the provisions of chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"); and it is further

**RESOLVED**, that the form, terms and provisions of, the execution, delivery and filing of, and the performance of the transactions and obligations contemplated by each Petition be, and they hereby are, authorized, approved and adopted in all respects and that the managers or officers of each Company (each, an "Authorized Officer" and collectively, the "Authorized Officers") be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered on behalf of and in the name of each Company, and directly on behalf of and in the name of any other Company managed, directly or indirectly, by such Company, (i) to execute and verify a Petition and all documents ancillary thereto, and to cause the Petition to be filed with the Bankruptcy Court, such Petition to be filed at such time as an Authorized Officer shall determine and to be in the form approved by such Authorized Officer, with the execution thereof by any such Authorized Officer being conclusive evidence of the approval thereof by such Authorized Officer, and to take any and all related actions that the Authorized Officers may deem necessary or proper in connection with the filing of the Petition and commencement and prosecution of the Bankruptcy Case, including attending the meeting of creditors pursuant to section 341 of the Bankruptcy Code on behalf of the Company; (ii) to make or cause to be made prior to the execution thereof any modifications to the Petition or such ancillary documents that, in the judgment of the Authorized Officers, may be necessary, appropriate, or desirable, and (iii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents that, in the judgment of the Authorized Officers, may be necessary, appropriate, or desirable in connection with the foregoing; and it is further

**Retention of Professionals**

**RESOLVED**, that the law firm of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), be and hereby is, authorized, directed, and empowered to represent each Company as its general bankruptcy counsel on the terms set forth in its engagement letter with each Company, which is hereby ratified and approved, and to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights, including, without limitation, the preparation of and filing of the Petition and related forms, schedules, lists, statements and other papers or documents; and it is further

**General Resolutions**

    **RESOLVED**, that the Authorized Officers be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of each Company, each Company acting individually and as sole member and/or manager of any other Company, and such Authorized Officers acting directly on behalf of any Company managed, directly or indirectly, by any other Company, to perform the obligations of each Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Officers performing or executing the same shall approve, and the performance or execution thereof by the Authorized Officers shall be conclusive evidence of the approval thereof by the Authorized Officers and by each Company; and it is further

    **RESOLVED**, that the Authorized Officers be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of each Company, to take such actions and execute and deliver such documents as may be required or as the Authorized Officers may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, motions, applications, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Officers shall approve, the taking or execution thereof by the Authorized Officers being conclusive evidence of the approval thereof by the Authorized Officers and each Company; and it is further

    **RESOLVED,** that for the avoidance of doubt, the sole member of the Special Committee and the Independent Manager constitutes an Authorized Officer of each Company hereunder with full power and authority to execute any documents, including these resolutions, on behalf of any Company acting, as applicable, individually and as sole member and manager of any other Company; and it is further

    **RESOLVED,** that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is further

    **RESOLVED,** that facsimile, photostatic, or other electronic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

[*Remainder of page intentionally left blank.*]

**IN WITNESS WHEREOF**, the undersigned has executed this Action by Written Consent as of the date first written above.

**CAMSTON WRATHER LLC**

By: _____
Name: James LaChance
Title: Independent Manager and sole member of the Special Committee

**CAMSTON WRATHER SUB CO., LLC**

**By: Camston Wrather, LLC, its Sole Member and Manager**

By: _____
Name: James LaChance
Title: Authorized Officer, Independent Manager and sole member of the Special Committee

**THREE D SECURITY, LLC,**

**By: Stream Recycling Solutions, LLC, its Sole Member and Manager**

By: _____
Name: James LaChance
Title: Authorized Officer

**CAMSTON WRATHER LAB CO., LLC,**

**By: Camston Wrather Sub Co., LLC, its Sole Member and Manager**

By: _____
Name: James LaChance
Title: Authorized Officer

**CAMSTON WRATHER (PA) LLC,**

**By: Stream Recycling Solutions, LLC, its Sole Member and Manager**

By: _____
Name: James LaChance
Title: Authorized Officer

**CAMSTON WRATHER MANAGEMENT CO., LLC,**

**By: Camston Wrather Sub Co., LLC, its Sole Member and Manager**

By: _____
Name: James LaChance
Title: Authorized Officer

**CAMSTON WRATHER (TX) LLC,**

**By: Stream Recycling Solutions, LLC, its Sole Member and Manager**

By: _____
Name: James LaChance
Title: Authorized Officer

5

**CAMSTON WRATHER TECH CO., LLC,**

By:  Camston  Wrather Sub Co.,  LLC, its  Sole  Member  and Manager

By: _____
Name: James LaChance
Title: Authorized Officer

**STREAM RECYCLING SOLUTIONS OF CALIFORNIA, LLC,**

By: Stream Recycling Solutions,  LLC,  its Sole  Member  and Manager

By: _____
Name: James LaChance
Title: Authorized Officer

**CAMSTON WRATHER PLANTS CO., LLC,**

By: Camston Wrather Sub Co., LLC,  its Sole  Member  and Manager

By: _____
Name: James LaChance
Title: Authorized Officer

**CAMSTON CARLSBAD, LLC,**

By: Camston Wrather Plants Co., LLC, its  Sole  Member  and Manager

By: _____
Name: James LaChance
Title: Authorized Officer

**STREAM RECYCLING SOLUTIONS LLC,**

By:  Camston  Wrather Sub Co.,  LLC, its  Sole  Member  and Manager

By: _____
Name: James LaChance
Title: Authorized Officer

**CAMSTON CARLSBAD ASSET 1, LLC,**

By: Camston Carlsbad, LLC,  its  Sole Member  and Manager

By: _____
Name: James LaChance
Title: Authorized Officer

*[Signature Page to Action by Written Consent of the Special Committee of Camston Wrather LLC]*

6

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

_____ District Of \_\_\_Delaware\_\_\_\_\_

**In re**

    Camston Wrather LLC,　　　　　　　　　　　Case No. _____

**Debtor**　　　　　　　　　　　　　　　　　　　　Chapter \_\_\_\_7_____

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 125,000*_____

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . $ 56,356.85**\_\_\_\_

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____

2. The source of the compensation paid to me was:

   ☐ Debtor　　　　☒ Other (specify)　　Co-debtor, Camston Carlsbad Asset 1, LLC

3. The source of compensation to be paid to me is:

   ☐ Debtor　　　　☒ Other (specify)　　Co-debtor, Camston Carlsbad Asset 1, LLC

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

\*This includes monies held in advance for payment of services to be rendered.
\*\*Plus additional fees and expenses incurred in preparation for filing bankruptcy petitions.

B2030 (Form 2030) (12/15)

    d.   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e.   [Other provisions as needed]

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

February 13, 2025        /s/ Robert J. Dehney, Sr.
*Date*                              *Signature of Attorney*

                              Morris, Nichols, Arsht & Tunnell LLP
                                    *Name of law firm*