# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CAMSTON WRATHER LLC, *et al.*,[1] | Case No. 25-10232 (KBO) |
| Debtors. | (Joint Administration Requested) |
| | **Hearing Date: TBD** <br> **Objection Deadline: TBD** |

### MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE CHAPTER 7 TRUSTEE TO (I) RETAIN AND COMPENSATE INDEPENDENT CONTRACTORS AND (II) PAY CERTAIN RELATED ADMINISTRATIVE EXPENSES

David W. Carickhoff, the chapter 7 trustee (the "**Trustee**") of the bankruptcy estates of the above-captioned debtors (collectively, the "**Debtors**"), hereby moves (the "**Motion**") this Court for entry of an order[2] authorizing the Trustee to (i) retain and compensate certain of the Debtors' former employees and other non-professionals as independent contractors (the "**Independent Contractors**") to assist in the administration of these chapter 7 cases and the protection and maintenance of assets of the Debtors' estates and (ii) pay certain related administrative expenses in connection therewith, and for an extension of time to file the Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs (the "**Schedules and SOFAs**"). In support of this Motion, the Trustee respectfully states as follows:

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Camston Wrather LLC (8868); Camston Wrather Lab Co., LLC (4766); Camston Wrather Tech Co., LLC (8621); Camston Wrather Management Co., LLC (6981); Camston Wrather Plants Co., LLC (1229); Camston Wrather Sub Co., LLC (1867); Camston Carlsbad Asset 1, LLC (6323); Camston Carlsbad, LLC (2360); Camston Wrather (PA) LLC (4268); Camston Wrather (TX), LLC (8587); Stream Recycling Solutions of California, LLC (3485); Stream Recycling Solutions, LLC (4843); and Three D Security, LLC (7326).

[2] A proposed form of Order granting the relief requested hereby on an interim basis is attached hereto (the "**Interim Order**"). The Trustee is seeking entry of the Interim Order on an expedited basis.

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Trustee consents to the entry of a final order by this Court with respect to the relief requested in this Motion.

2. The predicates for the relief sought in this Motion are sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**").

**BACKGROUND**

3. On February 14, 2025 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**") thereby commencing the above-captioned bankruptcy cases (the "**Chapter 7 Cases**"). A Motion for Joint Administration has been filed.

4. David W. Carickhoff has been appointed as interim trustee of the Debtors' estates pursuant to Bankruptcy Code section 701(a). The section 341(a) meeting of creditors is scheduled for March 12, 2025. The Debtors have not yet filed their Schedules and SOFAs, and they made no provision to do so before the cases filed.

5. Prior to the Petition Date, the Debtors were in the business of destroying electronic equipment and recycling precious metals from the process. Upon information and belief, the destruction of electronic equipment and recycling primarily took place in the Debtors' Carlsbad, California location.

6.	The Trustee has determined, in his business judgment, that there is an immediate need to retain Independent Contractors to assist with the administration of these chapter 7 cases and the protection and maintenance of assets of the Debtors' estates.  Among other things, the Independent Contractors may assist the Trustee in connection with facility upkeep, site visits from prospective buyers, testing of equipment, preparing Schedules and SOFAs, and other tasks. Likewise, the Trustee has, or may, determine, in his business judgment, that there is an immediate need to pay certain administrative expenses in order to maintain and preserve the Debtors' assets (the "**Administrative Expenses**").

## RELIEF REQUESTED

7.	By this Motion, the Trustee seeks authority to retain and compensate former employees of the Debtors and certain other non-professionals as Independent Contractors to assist him in administering the Debtors' estates.  For the avoidance of doubt, by this Motion, the Trustee is *not* seeking to retain any employees. Any persons retained by the Trustee will be independent contractors.  In addition, The Trustee seeks authority to pay necessary Administrative Expenses, including those incurred in connection with, among other things, accounting, IT services, sale of assets, and other tasks.  Finally, the Trustee seeks an extension of time to file Schedules and SOFAs to avoid an automatic dismissal of these cases before it is known whether there is a potential recovery to be had for stakeholders.

## BASIS FOR RELIEF REQUESTED

8.	The Court may authorize the Trustee to retain and compensate the Independent Contractors and pay related Administrative Expenses under Bankruptcy Code section 363(b) which provides, in relevant part, that a trustee "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b).  If a

trustee's proposed use of estate assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment, such use should be approved.[3] Further, section 105(a) authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

9. The Trustee, in the exercise of his business judgment, believes the best way to maintain and maximize the value of the estates, reduce potential claims, and facilitate an orderly liquidation is to retain the Independent Contractors and pay necessary associated Administrative Expenses. The relief requested herein will enable the Trustee to efficiently and effectively fulfill his duties under Bankruptcy Code section 704 and maximize value for creditors. In particular, the Trustee believes the knowledge and skills the Independent Contractors possess will be beneficial in maintaining and protecting the Debtors' assets and will reduce the expense and time associated with performing certain administrative tasks. Indeed, the Trustee believes the Independent Contractors possess certain skills and historical knowledge about the Debtors and their operations and assets that the Trustee could not sufficiently obtain elsewhere.

10. The Independent Contractors will be working on discrete projects which will be subject to Trustee's full oversight, direction, and tasking. The Independent Contractors are not "professionals" and are not subject to Bankruptcy Code section 327.[4] Because retaining and

---

[3] *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate Motions brought pursuant to section 363(b)); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where [a trustee] articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the [trustee's] conduct").

[4] "Professionals" subject to Bankruptcy Code section 327 generally are limited to persons or entities that take a *central* role in administration of an estate and are given discretion or autonomy to exercise independent professional judgment in connection therewith. *See e.g., In re First Merchants Acceptance Corp.*, 1997 Bankr. LEXIS 2245 (Bankr. D. Del. Dec. 15, 1997). Here, the Independent Contractors will not play a central role in

compensating non-professionals and paying associated Administrative Expenses can still be viewed as outside the ordinary course of business, the Trustee seeks Court approval of the relief requested herein pursuant to sections 105 and 363.

### **WAIVER OF BANKRUPTCY RULES 6004(h)**

11. To implement the requested relief successfully, the Trustee seeks a waiver of the fourteen (14) day stay under Rule 6004(h). The Trustee has an emergent need to retain the Independent Contractors and pay certain Administrative Expenses. Failure to waive the stay will prejudice the Trustee and the estates.

### **NOTICE**

12. Notice of this Motion has been provided to: (a) counsel to the Office of the United States Trustee and (b) all parties who have requested to receive notice in this case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary or required.

13. No previous motion for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests entry of an order substantially in the form attached hereto granting the relief requested herein and such other and further relief as is just and proper.

---

administration of these estates, nor will they have autonomy or the discretion to exercise professional judgment. Instead, they will only be responsible for performing discrete tasks at the direction of the Trustee and subject to his oversight.

| | |
|---|---|
| Dated: March 4, 2025<br>Wilmington, Delaware | **CHIPMAN BROWN CICERO & COLE, LLP**<br><br>*/s/ Alison Maser*<br>Alan M. Root (No. 5427)<br>Bryan J. Hall (No. 6285)<br>Alison Maser (No. 7430)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone: (302) 295-0192<br>Email:  root@chipmanbrown.com<br>           hall@chipmanbrown.com<br>           maser@chipmanbrown.com<br><br>*Proposed Counsel for the Chapter 7 Trustee* |

- 6 -