IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CAMSTON WRATHER LLC, *et al.*,[1]<br><br>           Debtors. | Chapter 7<br><br>Case No. 25-10232 (KBO)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 10** |

### INTERIM ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO (I) RETAIN AND COMPENSATE INDEPENDENT CONTRACTORS AND (II) PAY CERTAIN RELATED ADMINISTRATIVE EXPENSES

Upon the Motion[2] of David W. Carickhoff, the chapter 7 trustee (the "**Trustee**") of the bankruptcy estates of the above-captioned debtors (collectively, the "**Debtors**"), for the entry of an order pursuant to 11 U.S.C. §§ 105(a) and 363(b) authorizing the Trustee to (i) retain and compensate certain Independent Contractors to assist in the administration of these chapter 7 cases and (ii) pay certain related Administrative Expenses in connection therewith, and for an extension of time to file Schedules and SOFAs; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration thereof being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances and it appearing no other or further notice need be given; and any objections to the relief requested in the Motion not otherwise withdrawn, waived, or settled

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Camston Wrather LLC (8868); Camston Wrather Lab Co., LLC (4766); Camston Wrather Tech Co., LLC (8621); Camston Wrather Management Co., LLC (6981); Camston Wrather Plants Co., LLC (1229); Camston Wrather Sub Co., LLC (1867); Camston Carlsbad Asset 1, LLC (6323); Camston Carlsbad, LLC (2360); Camston Wrather (PA) LLC (4268); Camston Wrather (TX), LLC (8587); Stream Recycling Solutions of California, LLC (3485); Stream Recycling Solutions, LLC (4843); and Three D Security, LLC (7326).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

being overruled; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is granted on an interim basis as set forth herein.

2. Effective as of February 27, 2025, through April 15, 2025, the Trustee is authorized to retain such former employees of the Debtors and certain non-professionals as Independent Contractors as he, in the exercise of his reasonable business judgment, believes is necessary and appropriate to assist him in the performance of his duties. The Trustee is authorized, in his discretion, without further Order of this Court, to (i) compensate the Independent Contractors retained by the Trustee for their post-petition services and (ii) pay any necessary Administrative Expenses.

3. Notwithstanding anything to the contrary in the Motion, nothing in this order shall be deemed to (a) authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the Bankruptcy Code; (b) authorize the Trustee to cash out unpaid vacation/leave time upon termination of any employee, unless applicable state law requires such payment; or (c) authorize payment of any pre-petition amount owed to any former employees or other person to be employed as an Independent Contractors.

4. The deadline for the Debtors to file their Schedules and SOFAs is hereby extended through and including April 30, 2025.

5. The stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) is waived. This Order shall be immediately effective and enforceable upon its entry.

6. Within one (1) business day of the entry of this Order, the Trustee shall serve a copy of the Motion and this Order on (a) the Office of the United States Trustee and (b) all parties who have requested to receive notice in these cases pursuant to Bankruptcy Rule 2002.

7. A further hearing to consider approval of the Motion on a final basis shall be held, if necessary, on **April 11, 2025 at 10:00 a.m. (prevailing Eastern Time)**. Objections to final approval of the Motion must be filed with the Bankruptcy Court and served on proposed counsel to the Trustee by 4:00 p.m. (prevailing Eastern Time) on **March 21, 2025**.

8. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: March 7th, 2025
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE