IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Camston Wrather LLC, et al.,[1]<br><br>           Debtors. | Chapter 7<br><br>Case No. 25-10232 (KBO)<br>(Jointly Administered)<br><br>Objection Deadline: April 3, 2025 at 4:00 p.m.<br>Hearing Date: April 11, 2025 at 10:00 a.m. |

## MOTION OF CHAPTER 7 TRUSTEE TO DISMISS CHAPTER 7 CASES

David W. Carickhoff, the interim chapter 7 trustee of the above-captioned debtors' estates (the "Trustee"), hereby moves (the "Motion") to dismiss the debtors' chapter 7 cases (the "Chapter 7 Cases") pursuant to 11 U.S.C. § 707(a). In support of the Motion, the undersigned hereby states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2] Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for relief requested herein is section 707(a) of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Camston Wrather LLC (8868); Camston Wrather Lab Co., LLC (4766); Camston Wrather Tech Co., LLC (8621); Camston Wrather Management Co., LLC (6981); Camston Wrather Plants Co., LLC (1229); Camston Wrather Sub Co., LLC (1867); Camston Carlsbad Asset 1, LLC (6323); Camston Carlsbad, LLC (2360); Camston Wrather (PA) LLC (4268); Camston Wrather (TX), LLC (8587); Stream Recycling Solutions of California, LLC (3485); Stream Recycling Solutions, LLC (4843); and Three D Security, LLC (7326).

[2] Pursuant to Local Rule 9013-1(f), the Trustee hereby confirms his consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the Constitution.

**BACKGROUND**

3. On February 14, 2025 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4. Also on the Petition Date, David W. Carickhoff was appointed as the interim chapter 7 trustee.

5. The Debtors had originally planned to file for relief under chapter 11 in Florida, but changed course when it became clear that a DIP financing deal could not be reached. The chapter 7 filing was a last-minute pivot that afforded no time to plan for or address other filings, like the preparation and filing of Schedules and Statements of Financial Affairs. So, unlike most chapter 7 cases, I do not have the benefit of Schedules and Statements of Financial Affairs to guide me in the Chapter 7 Cases.

6. Prior to the Petition Date, the Debtors were in the business of destroying electronic equipment and recycling precious metals from the process. To my knowledge, the destruction of electronic equipment and recycling primarily took place in the Debtors' Carlsbad, California location (the "Carlsbad Facility"), which is leased. There is litigation pending regarding the Carlsbad Facility, as a construction company has asserted a mechanics' lien in excess of $9 million (which claim is subject to various counterclaims). The equipment used at the Carlsbad Facility is unique to the Debtors' recycling process. While I understand that the Debtors had locations in other areas, including Arizona, Florida, Missouri, Pennsylvania, and Texas, it is not clear to me whether those locations were shuttered and/or abandoned prior to the Petition Date.

7.  It appears that substantially all of the Debtors' assets are subject to liens. The prepetition secured term lenders ("Term Lenders") appear to be owed in excess of $100 million.

8.  Since my appointment, I have attempted to speak with various parties in interest regarding the Chapter 7 Cases to determine whether it makes sense to administer them in chapter 7. To that end, I have spoken with various counsel for the Debtors (Morris Nichols, Paul Hastings, and Berger Singerman), counsel for the administrative and collateral agent for the Term Lenders (Latham & Watkins), the former financial consultants for the Debtors (Ankura), the former VP of Operations, the sole member of the Debtors' Special Committee, lenders asserting a priority right of distribution, counsel for the landlord of the Carlsbad Facility, counsel for the party asserting a mechanics' lien against the Carlsbad Facility, potential buyers, and an auctioneering firm that I respect and trust (Heritage Global Partners).

9.  The Collateral Agent for the Term Lenders has agreed to allow me to use cash collateral to pay for certain expenses while I explored whether a turn-key sale could be achieved. Potential buyers wanted me to proceed with certain testing scheduled with the Department of Defense in the first week of March. To that end, I engaged independent contractors and proceeded with certain testing of the machinery and equipment at the Carlsbad Facility in connection with a possible contract with the Department of Defense. From all reports, the testing was successful, and the machinery and equipment was able to meet the requirements.

10.  To position the Chapter 7 Cases to move forward, if possible, I have also attempted to collect and identify assets. To that end, I have collected approximately $492,000, and have identified approximately $300,000 of other cash in Debtor bank accounts.

11.  While that is a substantial sum of cash for a chapter 7 case, the carry costs for the Carlsbad Facility are high – approximately: $150,000 per month for rent, $15,000 for utilities,

$65,000 for insurance, and $50,000 for independent contractors. This monthly amount does not include professional fees or other miscellaneous expenses that will certainly arise and need to be paid. I expect that any sale process that includes the sale and removal of the equipment would take between 60 and 90 days and would involve litigation regarding who owns the equipment – as the landlord is asserting certain ownership rights. The administrative expenses over that period of time would exceed the potential cash available and, based on my discussions to date with potential buyers and an auctioneer that conducted a site visit, I am not confident that the sale of the equipment would generate sufficient cash to keep the estates solvent or provide any meaningful recovery unsecured creditors or to the Term Lenders, which appear to be owed more than $100 million.

12. Despite having proceeded with the DoD testing to enhance turn-key sale prospects, no turn-key offers have been received to date. Given the lack of turn-key offers, I do not want to push forward and risk having insolvent chapter 7 estates.[3]

13. Given the foregoing, including the Debtors' inability to file Schedules and Statements of Financial Affairs as required under section 521 of the Bankruptcy Code, I believe that cause exists to dismiss these cases.

## RELIEF REQUESTED

14. By this Motion, the Trustee respectfully requests the entry of an order providing: (a) for the dismissal of Chapter 7 Cases, (b) for authority to pay any open chapter 7 administrative expenses, and (c) for authority to turn over any remaining cash in my possession to the Collateral Agent for the Term Lenders.

---

[3] In the event that I receive a binding turn-key offer before the end of March that I believe can be executed, I would consider withdrawing this Motion.

**NOTICE**

15.     Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) counsel for Debtors; (iii) counsel for the Collateral Agent for the Term Lenders, (iv) counsel for the landlord of the Carlsbad Facility, (v) counsel for the party asserting a mechanics lien against the Carlsbad Facility, and (vi) all parties who have requested notice pursuant to Federal Rules of Bankruptcy Procedure Rule 2002.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto: (a) dismissing the Chapter 7 Cases, and (b) granting such other and further relief as is proper.

Dated:  March 20, 2025

 /s/ *David W. Carickhoff*
David W. Carickhoff
*Chapter 7 Trustee*
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: carickhoff@chipmanbrown.com