# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Camston Wrather LLC, et al.,[1]<br><br>             Debtors. | Chapter 7<br><br>Case No. 25-10232 (KBO)<br>(Jointly Administered)<br><br>**Re: Docket No. 24** |

## CERTIFICATION OF COUNSEL REGARDING
## MOTION OF CHAPTER 7 TRUSTEE TO DISMISS CHAPTER 7 CASES

The undersigned hereby certifies as follows:

      1. On March 20, 2025, David W. Carickhoff, the interim chapter 7 trustee of the above-captioned debtors' estates (the "Trustee"), filed the *Motion of Chapter 7 Trustee to Dismiss Chapter 7 Cases* [D.I. 24] (the "Motion"). In accordance with Local Rule 9006-2(c)(ii), the Notice attached to the Motion properly set an objection deadline of April 3, 2025 (*i.e.* 14 days after filing of the Motion). As of the filing of this Certification of Counsel, no party has objected to the Motion.

      2. The Trustee did, however, receive an email from counsel for the landlord of the Carlsbad Facility. The email is attached hereto as Exhibit A (the "Landlord Email"), and raises a smattering of issues and makes clear that counsel for the landlord does not seem to think that the objection deadline (which was set in accordance with Local Rule 9006-(c)(ii)) is real. There are consequences for ignoring objection deadlines. Also, the initial statement in the Landlord Email

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Camston Wrather LLC (8868); Camston Wrather Lab Co., LLC (4766); Camston Wrather Tech Co., LLC (8621); Camston Wrather Management Co., LLC (6981); Camston Wrather Plants Co., LLC (1229); Camston Wrather Sub Co., LLC (1867); Camston Carlsbad Asset 1, LLC (6323); Camston Carlsbad, LLC (2360); Camston Wrather (PA) LLC (4268); Camston Wrather (TX), LLC (8587); Stream Recycling Solutions of California, LLC (3485); Stream Recycling Solutions, LLC (4843); and Three D Security, LLC (7326).

that there wasn't an articulated deadline for sale proposals is demonstrably untrue.  See Exhibit B and footnote 3 to the Motion.

3. The Trustee does not think that the Landlord Email raises any issues that should prevent entry of the proposed order approving the Motion. Further, the Landlord Email is not a proper objection to the Motion.  *See* Local Rule 9013-1(h) The Trustee attempted to sell the Carlsbad Facility on a turn-key basis and made clear that there are insufficient funds to continue beyond March.  While counsel for the landlord suggests they are working on an offer, the time to submit an offer has come and gone.  Further, based on the communications to date with counsel for the landlord, the Trustee has zero confidence that any offer would be workable.[2]

4. These cases need to be dismissed and should not have filed for chapter 7 in the first instance, as the Debtors had no intention of filing their Schedules and SOFAs due to insufficient reserves being made.

WHEREFORE, the Trustee respectfully requests that the Court enter the proposed form of order attached to the Motion at its earliest convenience.

Dated:  April 6, 2025

    /s/ *David W. Carickhoff*
David W. Carickhoff
*Chapter 7 Trustee*
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: carickhoff@chipmanbrown.com

---

[2] When the Trustee asked counsel for the landlord for an invoice for March rent, counsel sent him an invoice for $1,449,003.29.